**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig K. Potts, et al., | No. CV-19-04965-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| United States of America, | |
| Defendant. | |

Currently before the Court is a Motion to Dismiss for Lack of Jurisdiction (the "Motion") filed by the United States of America ("Defendant"). (Doc. 20) For the following reasons, the Court will grant the Motion.

**I.     Background**

Craig K. Potts and Kristen H. Potts ("Plaintiffs") are husband and wife and reside in Scottsdale, Arizona. (Doc. 19 at 4) In August of 2019, Plaintiffs brought this action pursuant to 28 U.S.C. § 1346 seeking a tax refund for the taxable years of 2005, 2008, 2009, 2010, 2011, 2012 and 2013. (Docs. 1, 19 at 2-3) On November 25, 2019, Defendant filed the Motion, arguing that this Court does not have jurisdiction to order the requested refunds because Plaintiffs have not fully paid their tax liabilities for each year as required by *Flora v. United States*, 362 U.S. 145 (1960). The Motion is fully briefed and ready for review. (Docs. 20, 21, 28)

**II.    Legal Standard**

Under Federal Rule of Civil Procedure, ("Rule") 12(b)(1), a party may move to

dismiss a complaint for lack of subject matter jurisdiction. A court must dismiss the complaint when "the court determines at any time that it lacks subject matter jurisdiction[.]" Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the defendant asserts the insufficiency of the complaint's allegations to invoke federal jurisdiction as a matter of law. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). To adjudicate a facial challenge, a court assumes the truth of the allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1177; *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

### III. Discussion[1]

In the Amended Complaint, Plaintiffs state that they are seeking a "Tax Refund for the taxable years ending December 31, 2005, 2008, 2009, 2010, 2011, 2012 and 2013." (Doc. 19 at 2) In the Motion, Defendant argues that Plaintiffs have not paid their full tax liability for the years 2008, 2009, 2010, and 2012. (Doc. 20-1 at 5-6) Further, Defendant asserts that the IRS did not make any assessments against Plaintiffs for tax year 2011, so there is no refundable amount at issue. (Doc. 20-1 at 6) Plaintiffs to do not address these arguments in their response, and Defendant asserts that the Court should consider the lack of response as an admission. (Doc. 28 at 2) The Court agrees and will not consider the arguments set forth in the Amended Complaint regarding tax years 2008, 2009, 2010, 2011, and 2012. Therefore, the only taxable years at issue in this case are 2005 and 2013. The Court will review the arguments regarding each tax year separately.

### A.  Taxable Year 2005

As to taxable year 2005, Defendant argues that the Court lacks jurisdiction to hear the claim because Plaintiffs still owe $6,503,947.88 in outstanding tax liabilities. (Doc. 20-

---

[1] Because the Court finds that it does not have subject matter jurisdiction in this case, it does not address Defendant's arguments regarding res judicata.

1 at 3-4) Defendant argues that the United States Supreme Court made clear in *Flora v. United States*, 362 U.S. 145, 177 (1960), that a plaintiff must pay any outstanding tax liability before a district court has jurisdiction to hear a claim for a partial tax refund under 28 U.S.C. § 1346. (Doc. 20-1 at 4) In response, Plaintiffs argue that they are not seeking a refund for their 2005 tax liability. (Doc. 21 at 2-3) Instead, Plaintiffs argue they are seeking a refund of $406,843.16, which represents the amount Plaintiffs sent as a deposit for an offer to compromise their 2005 tax liability. (Doc. 21 at 2-3) Plaintiffs assert that Treasury Regulation § 301.7122-1(h) explicitly required the IRS to refund the deposit amount once the offer to compromise was rejected, and therefore, their claim for "wrongful collection" under 28 U.S.C. § 1346 is not governed by the *Flora* case. (Doc. 21 at 12)

Here, the Court finds that the correct characterization of the $406,843.16 is a partial payment for Plaintiffs' 2005 outstanding tax liabilities—as opposed to Plaintiffs' assertion that the sum was a "deposit" for their offer to compromise. Although Plaintiffs are correct in arguing that Treasury Regulation § 301.7122-1(h) requires the IRS to refund any deposit made once an offer to compromise has been rejected, the Court finds that the $406,843.16 does not qualify as a "deposit" under the facts as alleged by Plaintiffs.

Plaintiffs assert that in 2016 they made a "lump sum" offer to compromise and sent the $406,843.16 as a 20% down payment pursuant to 26 U.S.C. § 7122(c)(1). (Doc. 21 at 3, 12) Plaintiffs fail to acknowledge, however, that in July of 2006, the IRS issued a public notice explaining that the 20% down payment for lump sum offers to compromise under 26 U.S.C. § 7122(c)(1) should be treated as a nonrefundable "payment of tax" and not a "deposit" as described in Treasury Regulation § 301.7122-1(h). Notice 2006-68, sec. 1.02, 2006-2 C.B. 105; *Brown v. Comm'r of Internal Revenue*, T.C. Memo. 2019-121, 2019 WL 4415190 at *6-7 (2019) (finding that it was not an abuse of discretion for a settlement officer to retain the 20% down payment after rejecting an offer to settle); *Isley v. Comm'r of Internal Revenue*, 141 T.C. 349, 372 (2013) (finding that a settlement officer did not err when he retained an offer-in-compromise down payment as a "collection alternative" and applied the amount to the petitioner's outstanding liabilities). Consequently, the Court

finds that *Flora* does prohibit Plaintiffs from asserting a claim under 28 U.S.C. § 1346 for the $406,843.16 without first paying the remaining outstanding liability for the 2005 tax year.

      **B.**      **Taxable Year 2013**

As to taxable year 2013, Defendant argues that the Court lacks jurisdiction to hear the claim because Plaintiffs still owe $40,435.39 in outstanding tax liabilities. (Doc. 20-1 at 6-7) In response, Plaintiffs assert that they have paid their entire tax liability for 2013, and Defendant used the wrong calculation in the Motion to assess their tax liability for 2013. (Doc. 21 at 6-7) Specifically, Plaintiffs assert that they filed two amended tax returns for 2013 and Defendant improperly based the liability calculation on their original return instead of the amended returns. (Doc. 21 at 6-7)

The Court finds Plaintiffs' argument unpersuasive. In *Fayeghi v. Commissioner of Internal Revenue*, 211 F.3d 504 (9th Cir. 2000), the Ninth Circuit rejected a petitioner's argument that a court could enjoin a collection of tax because the petitioner filed an amended tax return. The court explained that the IRS may accept amended returns for limited purposes, but it is not statutorily required to do so or to treat an amended return as superseding an original return. *Id.* at 507; *see also Longino v. Comm'r of Internal Revenue*, T.C. Memo. 2013-80, 2013 WL 1104430 at *7 (2013) (finding that the IRS did not err in issuing a notice of deficiency based on the petitioner's original return and not the amended return); *Pace v. Comm'r of Internal Revenue*, T.C. Memo. 2010-272, 2010 WL 5071598 at *3 (2010) ("[T]he Commissioner is not required to treat an amended return as superseding an original return . . . [a]nd it is within the Commissioner's discretion to determine the deficiency using the original return."). Therefore, Defendant did not err in using Plaintiffs' original 2013 tax return to assess Plaintiffs' tax liability, and it remains that this Court does not have jurisdiction to hear a claim under 28 U.S.C. § 1346 because Plaintiffs have not paid their entire 2013 tax liability. Accordingly,

///

///

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 20) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment of dismissal, without prejudice, for lack of subject matter jurisdiction.

Dated this 24th day of July, 2020.

Honorable Steven P. Logan
United States District Judge