**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig K. Potts, et al., | No. CV-19-04965-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| United States of America, | |
| Defendant. | |

Before this Court is Plaintiffs Craig K. Potts and Kristen H. Potts' Motion for Reconsideration or Motion for Leave to Amend Complaint ("Motion") (Doc. 35), in which Plaintiffs request reconsideration of the Court's July 24, 2020 Order granting Defendant's Motion to Dismiss. Defendant United States has filed a response. (Doc. 38) For the following reasons, the Motion is denied.[1]

**I.    BACKGROUND**

Plaintiffs are a husband and wife residing in Scottsdale, Arizona. In August of 2019, Plaintiffs brought an action pursuant to 28 U.S.C. § 1346 seeking a tax refund for tax years 2005, 2008, 2009, 2010, 2011, 2012, and 2013. (Doc. 1) Defendant moved to dismiss Plaintiffs' case on November 25, 2019, arguing the Court did not have jurisdiction to order the requested refunds because Plaintiffs had not fully paid their tax liabilities for each year

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b).

as required by precedent. (Doc. 20) This Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction on July 24, 2020. (Doc. 33) Plaintiffs filed this Motion on August 7, 2020, pursuant to Local Rule 7.2(g), which this Court construes as a Motion to Alter or Amend the Judgment under Fed. R. Civ. P. ("Rule") 59(e). [2] (Doc. 35)

## II. LEGAL STANDARDS

### A. Motions for Reconsideration

Reconsideration is disfavored and "appropriate only in rare circumstances." *WildEarth Guardians v. United States Dep't of Justice*, 283 F.Supp.3d 783, 795 n.11 (D. Ariz. June 21, 2017); *see also Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2014 WL 12643162, at *2 (D. Ariz. May 23, 2014) ("[Reconsideration] motions should not be used for the purpose of asking a court to rethink what the court had already thought through-rightly or wrongly."). The Court may grant a motion under Rule 59(e) when the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension … Such problems rarely arise and the motion to reconsider should be equally

---

[2] A motion for reconsideration can be brought before the Court under either Federal Rule of Civil Procedure 59(e) or 60(b). Such a motion is treated as a motion to alter or amend the judgment pursuant to Rule 59(e) if it is brought within 28 days after entry of a final order or judgment. Otherwise, if the motion is filed outside of the 28-day window, it is treated as a Rule 60(b) motion for relief from judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend the judgment must be filed no later than 28 days after the entry of judgment."); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding."); Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under [Rules 59(e) and 60(b)]."). Because Petitioner's motion was filed within 30 days of the final order (Docs. 33, 34), this Court will treat the motion as a Rule 59(e) motion to alter or amend the judgment. The Court will not address the Plaintiff's request to amend their first amended complaint because the case was previously dismissed on jurisdictional grounds and amending to allege additional facts is futile.

rare." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (internal citations omitted).

### III.   DISCUSSION

It is Plaintiffs' position that the Court made erroneous findings in its Order granting Defendant's Motion to Dismiss ("Order") as to the eligibility of Plaintiffs' "lump sum payment" for refund, which affected its jurisdictional determinations. As such, Plaintiffs argue that this Court should grant their Motion for Reconsideration.

If a taxpayer has outstanding tax liability, the U.S. District Courts cannot hear his or her claim for a partial tax refund until the outstanding balance is paid. *Flora v. United States*, 362 U.S. 145, 177 (1960). Plaintiffs contend that because they are disputing their tax liability, the Court can hear their case. This is the same argument they made in previous briefs, subsequently rejected by the Court.

In 2006 the IRS issued a public notice explaining that the 20% down payment for lump sum offers to compromise under 26 U.S.C. § 7122(c)(1) should be treated as a nonrefundable "payment of tax" and not a "deposit" as described in Treasury Regulation § 301.7122-1(h). *See* Notice 2006-68, sec. 1.02, 2006-2 C.B. 105 (2006). Plaintiffs submitted a $406,843.16 payment to the IRS in 2016. Plaintiffs argued in their Response to Defendant's Motion to Dismiss ("Response") that the payment should be categorized as a "deposit" on their offer to compromise their tax liability. (Doc. 21 at 2–3) However, the Court disagreed and found the payment to be a partial payment of their outstanding 2005 tax liability. (Doc. 33 at 3–4) Plaintiffs now claim the $406,843.16, submitted with Modified Form 656, was a "deposit" submitted based on "doubt to liability." (Doc. 35 at 8–10) Plaintiffs cite to a different subsection of Notice 2006-68, which states that no payment under § 7122(c)(1) is required when a taxpayer submits an offer to compromise "based solely on doubts to liability." (Doc. 35 at 8) These references to existing law were not included in the Response. New legal arguments can only be made when there is new law for the court to consider. *See School Dist. No. 1J,* 5 F.3d at 1263. Furthermore, the newly cited subsection is inapplicable to Plaintiffs because they already submitted a

payment.

Plaintiffs also claim that their $406,843.16 should be returned to them based on the "specific language" of their "Offer in Compromise" to the IRS. (Doc. 35 at 5–6) This argument was already made and subsequently rejected by the Court because of the applicability of Notice 2006-68, sec. 1.02, 2006-2 C.B. 105 (2006). (Doc. 21 at 5; Doc. 33 at 3)

Plaintiffs do not include any new evidence or law in their Motion, nor are they able to show any clear error on the part of the Court. Thus, they fail to meet their burden under rule 59(e).

Plaintiffs attempt to use this Motion to bolster the arguments made in their initial pleadings and Response without providing a valid basis for reconsideration. "A motion for reconsideration is not to be used to correct briefing deficiencies in the prior motion." *Curreri v. Babeu*, No. CV 09-0630-PHX-JAT, 2012 WL 5361007, at *2 (D. Ariz. Oct. 31, 2012) *citing School Dist. No. 1J*, 5 F.3d at 1263. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 35) is **denied**.

**IT IS FURTHER ORDERED** that this matter shall remain closed.

Dated this 18th day of September, 2020.

Honorable Steven P. Logan
United States District Judge

4